(Hamilton County Court of Common Pleas.)

THE SPRING GROVE AVENUE COMPANY *v.* THE VILLAGE OF ST. BERNARD
ET AL.

*Turnpike easements and the rights of the abutting owners of the fee therein.*

A turnpike company has no grant or right by virtue of its easement to lay and maintain water pipes for uses other than to maintain its way or for the benefit of public travel; such right rests in the abutting owner of the fee, or their licensee, and

while the turnpike company is entitled to compensation for any injury to the surface way, it is not entitled to an injunction to prevent the laying of such pipes, or under ordinary conditions to prevent a temporary disturbance of the surface of the road-way.

(Decided October, 1894).

BUCHWALTER, J.

The hearing in this case was upon a motion to dissolve a temporary injunction heretofore granted. The parties submit an agreed statement of facts, in substance as follows:

The plaintiff company owns a turnpike easement of the width of one hundred feet, and to the length of about three thousand six hundred feet, (through which the defendants have proceeded to lay a water pipe within the corporate limits of the Village of St. Bernard), and has improved with macadam and gravel to the width of about thirty feet the central part of the avenue, for public travel. It does not maintain any curbs or gutters. It does not own the fee simple title. That is vested in the abutting land owners, respectively, to the middle of the avenue. All of these land owners on the west side have consented and granted the right of way for the laying and maintaining of these water pipes. The proposed pipe way does not cross the traveled part of the avenue at any point.

The defendants, before this action was begun, dug the trench within sixteen feet of the west line of the avenue, entirely outside of the traveled way, and in such location as not to interfere with the travel or the drainage of the improved part thereof, and, when the injunction issued, were about to lay the pipe, and would have entirely completed the work and restored the surface of the avenue within two days in substantially the same condition as it was before.

These water pipes are a part of the proposed water system of St. Bernard, to be used for the supply of said abutting owners of the fee, residents of said village.

Upon these facts, shall the temporary injunction stand?

It is not contended but what the needs of the Village make it proper to provide distribution of water by this route; but it is claimed, on behalf of the Avenue Company, that the right should be acquired by condemnation proceedings and the payment of the damages awarded. This position is correct, if the Avenue Company's franchise extends to the exclusion of the owners of the fee from the right to lay the water pipes. There can be no doubt but that the Avenue Company's franchise and easement extended to the doing of everything upon the land within one hundred feet width proper to be done for the betterment of its way and for the good of the public travel, and included not only such use by the public, but also the right of the Avenue Company to enter, build and repair the traveled way, the culverts, the bridges, the ditches, gutters or water ways necessary to carry off any surface or running water which otherwise might impair the way, and, where necessary to light the traveler, to erect lamp posts, lay and maintain gas pipes therefor.

Upon the other hand, the owners of the easement way have not acquired the control of such property rights as are not necessary or proper in the maintenance of the avenue for public travel, and which do not affect his toll collecting franchise. Therefore the Avenue Company does not own the title right to lay and maintain over the land, sewers, gas pipes, water pipes and the like, not used for the benefit of public travel, but used by the abutting or adjacent lot owners.

It would be an additional burden upon the fee title, and no part of their easement right, for the Avenue Company to lay and maintain pipes

to supply water for general household purposes as is now proposed by the defendants, upon the grant and permission of the land owners.

If this were a proceeding in condemnation of this water way, the compensation awarded for the property rights taken, for the additional burden imposed upon the land, should be awarded rather to the owner of the fee.

If, however, the proof showed that it could not be constructed and maintained without also permanently and substantially infringing upon the Avenue Company's easement—without interrupting travel, lessening tolls, or increasing the burden to keep the avenue in repair, then, to that extent, should an award be made to the plaintiff company.

In *Perley* v. *Chandler*, 6 Mass. 454, 457 and 458, (4 Amer. Dec. 159), it was held that the owner of the fee, subject to a highway easement, has no right to unreasonably interrupt travel, but he has a right to sink a covered water way (or race course supply to his mill) under the road, in such manner as not to deprive the public of its easement.

"The owner of the soil of a way, whether public or private, may make any and all uses to which the land can be applied, and all profits which can be derived from it, consistently with the enjoyment of the easement."

See Washburn on Easements, 3 edition, 265; *Hayes* v. *Cohoes Co.*, 3 Barber, 42; *Piatt* v. *Pennsylvania Co.*, 43 Ohio St. 228, 244; *Phifer* v. *Cox*, 21 Ohio St. 248, 255; *Adams* v. *Emerson*, 6 Pickering, 56; *Woodring* v. *Forks Township Co.*, 28 Pa. St. 355.

Our local courts, in 3 Bull. 761, *Cilly* v. *City*, held that the consent of the Turnpike Company to construct a sewer across the avenue, not for its use, but for the uses of a public institution, without having the consent of the abutting owners of the fee, did not grant the right of way therefor.

In *The Spring Grove Avenue Company* v. *Bates*, 2 Circuit Court, 376, it was held that the abutting owner may maintain a bridge over the side ditch or gutter way of the avenue for his access.

In *The Cincinnati & Avondale Turnpike Co.* v. *Avondale*, 19 Bulletin, 289, the Supreme Court affirmed the circuit court in its reversal of the common pleas 17 Bull. 294, in unreported opinions. In that case, wherein the facts and finding contained in the printed record are submitted to me, all the abutting owners did not consent to the laying of the water pipes, and there was a contract existing whereby the village of Avondale was, in consideration of one-fourth of the tolls on a part of the turnpike, to keep that part within the corporation in repair, but it agreed that it would not in any manner cause any damage to the roadway or the company's easement.

I am unable to see any special force in these terms and conditions to affect the general application to all toll roads of the rule of law established by the reviewing courts in that case. For the Turnpike Company's easement was not enlarged by the omission of some abutting owners of the fee to sign the grant to the village of Avondale. The company did not acquire their title and thereby enlarge its easement. And notwithstanding the contractual duty of the village to keep in repair, if there was any interruption of travel and diminution of tolls the Turnpike Company suffered to the extent of its three-fourths interest in those tolls. With or without such contract the village of Avondale would have been liable for the damages caused by the interruption of travel and failure to restore the surface.

The rule of judgment in these cases is binding on this court. And, while I recognize a clear right in the Avenue Company to recover against the defendants any damages caused to its easement and franchise by laying

this pipe, yet it is a temporary trespass at most, and a right of injunction does not arise. When the surface is fully restored there will be no continuing injury to the easement, nor an appropriation of the Avenue Company's property. The pipe under the surface will be a burden resting on the title of the fee owner.

If, in the future, there be any injury to the easement by the tapping of the main pipe for the uses of the abutting owners of the fees, that reasonably, will be a temporary, and not a permanent injury, and, likewise, can be compensated in damages.

See an interesting discussion of this subject in *Attorney General* v. *Sheffield Consumer's Company*, 3 DeG., McN. & G., 304.

But a further reason exists upon the statement of facts for refusing the injunction, in the laches of the plaintiff, in waiting until all but two days of the work had been performed, and wherein there has been far greater danger to travel, while the temporary injunction has been pending, with the ditch open.

The motion to dissolve the injunction will be granted.

*Irwin &. Murry*, attorneys for plaintiff.

*Gorman & Thompson*, attorneys for defendants.